Parker, J.,
dissenting: There are two phases of this case as it appears before us. The first is contributory negligence ; the second is excessive damages.
I find myself in agreement with Judge Hibbard’s opinion upon the first phase. The Trial Judge decided that the plaintiff Avas not contributorily negligent and made a finding to that end. He might well have decided otherwise on the facts before him, but it is well settled by numerous decisions in Massachusetts that contributory negligence is a question of fact to be handled exclusively by the Trial Judge.
I feel differently about the second issue. To me, the damages are very excessive and in all fairness and justice should be reduced. In Sriberg vs. Krinsky, Appellate Division Reports of the Municipal Court of the City of Boston, Vol. 28, Page 114, the Appellate Court states in acting upon a motion for a new trial: “but we are revising judicial action and it must affirmatively appear that judicial discretion has been abused, to warrant intervention. It does not appear.” In the case of Wineberg vs. Everts, Appellate Division Reports of the Municipal Court of the City of Boston, Vol. 47, Page 143, a motion was made for a new trial on the ground that the damages of $15. were inadequate. This *313 motion was denied by the Trial Judge and a report was refused. Among other things the Appellate Court says: ‘ ‘ The plaintiff asserts that it was an abuse of judicial discretion to assess the damages as was done. We do not agree with him. ’ ’
A citation from another jurisdiction that seems to me to be especially apt is Jackson vs. Mitsui Company, 138 Washington 124, in which the Court states:
“The second main contention is that the verdict is excessive. This question is not without its difficulties. That portion of the record bearing upon it is of itself voluminous. The injuries were severe, including a broken leg that has been operated upon several times, in part for the removal of small pieces of bone. The leg is not yet well and may have to be again operated. At best, it may be some time before it becomes at all useful, and likely never again for heavy labor. Manifestly, the respondent has suffered a great deal and for a long time, although it appears that other injuries than those to the leg have about disappeared. His expenses caused by the injuries had amounted to about $1800. at the time of the trial. When injured he was forty-two years of age and had an expectancy of life of 26.72 years. His earnings as a longshoreman at and about that time varied from :$140. to $240. per month. The verdict and judgment were for $25,000., and, while we hesitate to interfere with it, we are of the opinion, upon consideration of all the evidence upon the subject, that it is largely excessive. For this reason alone, however, we are not disposed to reverse the judgment in the first instance. The conclusion and order is that if within thirty days after the going down of the remittitur the respondent shall in writing to be *314 filed in the cause elect to accept a judgment for $12,500. as of July 23, 1925, the date of the judgment appealed from, and remit the excess, the judgment will be affirmed, otherwise it will be reversed and a new trial ordered.”
I consider that the award of $21,000. in the instant case, to a man sixty-four years of age who was employed as a porter or laborer at a diner is very excessive, is an abuse of judicial discretion, and justifies in all fairness that the case should be returned for a new trial.